PROB 12C
Rev 2/03

# United States District Court

## for

## Southern District of Ohio

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: | **Dontay Edward Shamel**   Case Number: **1:02CR00067** |
| Name of Sentencing Judicial Officer: | **The Honorable Herman J. Weber, United States Senior District Judge** |
| Date of Original Sentence: | **January 7, 2003** |
| Original Offense: | **Mail Fraud and Resisting Arrest** |
| Original Sentence: | **351 day(s) prison, 36 month(s) supervised release** |
| Type of Supervision: **Supervised Release** | Date Supervision Commenced: **December 26, 2003** |
| Assistant U.S. Attorney: **Unknown** | Defense Attorney: **W Kelly Johnson Esq.** |

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons
[ ]   To grant an exception to revocation without a hearing.

The probation officer finds, under penalty of perjury, that probable cause to believe the defendant has violated one or more conditions of supervision exists:

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | Condition #2: You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; |

The defendant has not reported to the Probation Office since September 2004. Appointment notices were sent to the defendant on November 1, 2004, November 5, 2004, December 7, 2004, January 4, 2005, and finally on February 1, 2005, this officer sent the defendant a letter advising him that failure to keep the appointment that I scheduled for him on February 7, 2005 would result in a warrant being issued for his arrest. As with the previous appointment notices, Mr Shamel failed to report.

The defendant has not submitted a monthly report since July 2004.

Special Condition: The defendant shall make payments on any balance remaining of the restitution as directed by the Probation Office;

The defendant was ordered to pay $13,879.27 restitution, however he has not made any payments toward his restitution.

Special Condition: The defendant shall complete the National Corrective

PROB 12C
Rev 2/03

2

Training Institute;

On 1-21-04, this Officer referred Mr Shamel to National Corrective Training Institute. The defendant has never attended the National Corrective Training Institute.

U.S. Probation Officer Recommendation:

This Officer has made numerous attempts to contact the defendant to get him to abide by his conditions of supervision, to no avail. In light of his total disregard for his conditions of supervision, I recommend that the defendant be brought back before the Court to explain why his supervision should not be revoked.

The term of supervision should be
- [X] Revoked.
- [ ] Extended for years, for a total term of years.
- [ ] Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
- [ ] The conditions of supervision should be modified as follows:

Respectfully submitted,
by
Lorraine Cooper
U.S. Probation Officer
Date: February 10, 2005

Approved,
by
John C. Cole
Supervising U.S. Probation Officer
Date: February 10, 2005

THE COURT ORDERS:

- [ ] No Action
- [✓] The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest.
- [ ] The Issuance of a Summons
- [ ] The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
- [ ] Other

Signature of Judicial Officer

2/15/05
Date