IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    CR-1-02-67

DONTAY E. SHAMEL,

Defendant.

SUPERVISED RELEASE VIOLATION
SENTENCING MEMORANDUM AND JUDGMENT
ORDER

The defendant was sentenced on January 7, 2003 for a violation of Title 18, Sections 1341 and 111 of the United States Code. The defendant was sentenced to the custody of the Bureau of Prisons for **TWELVE (12) MONTHS AND ONE (1) DAY** and **FOUR (4) MONTHS**, to run concurrently and, following incarceration a term of Supervised Release of **THREE (3) YEARS** with the special condition of paying restitution in the amount of $13,879.27 and completion of the National Corrective Training Institute. Additionally, he was ordered to comply with the standard terms and conditions of Supervised Release and pay a special assessment of $125.00.

A Petition for Warrant or Summons for Offender Under Supervision was filed in this Court and a Warrant issued.

The defendant appeared with counsel, W. Kelly Johnson, Esq. before this Court for a Supervised Release Violation Hearing on February 8, 2006. The Court, being fully advised from the information contained in the Supervised

Release Violation Reports and statements made at said hearing, finds the defendant has violated:

1) the Condition of Supervised Release that defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

2) the Special Condition of Supervised Release that defendant shall make payments on any balance remaining of the restitution as directed by the Probation Office;

3) the Special Condition of Supervised Release that defendant shall complete the National Corrective Training Institute; and

4) the Condition of Supervised Release that the defendant shall not leave the judicial district without the permission of the court or probation officer.

The violations are Grade C in nature pursuant to the policy statement at U.S.S.G. § 7B1.1(a)(3) because they are violations of the conditions of supervision.

Pursuant to the policy statement at U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may revoke the sentence of supervised release or extend the term of supervised release and/ or modify the conditions of supervision.

Pursuant to the policy statement at U.S.S.G. § 7B1.4(a), in the case of a revocation of Supervised Release, based upon a Grade C violation and the original Criminal History Category of I, the guideline imprisonment range is 3 to 9 months.

Pursuant to the policy statement at § 7B1.4, if the minimum term of imprisonment for a supervised release violation is not more than 6 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for any portion of the minimum term.

Pursuant to the policy statement at § 7B1.3(d), any restitution, fine,

community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation should be ordered to be paid or served, in addition to the sanction determined under the policy statement at § 7B1.4.

Pursuant to Title 18, U.S.C. § 3553, among the factors to be considered in imposing sentence are:
1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed-
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    ( C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established by the United States Sentencing Guidelines.

Based upon these factors and the statements and updated recommendations made during the hearing and in the original and revised Supervised Release Violation Reports, the Court finds that a sentence within the range recommended by the Sentencing Guidelines is a reasonable sentence.

Pursuant to Title 18, U.S.C. §§ 3583 and 3553, therefore,

**IT IS ORDERED** that defendant Dontay Shamel's Supervised Release be **REVOKED** and the defendant be **COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS FOR A PERIOD OF SIX (6) MONTHS** and shall serve a term of **SUPERVISED RELEASE OF TWO (2) YEARS** under the following conditions:

(1) the defendant shall not commit another Federal, state or local crime;

4

(2) the defendant is prohibited from possessing a firearm or other dangerous weapon;

(3) the defendant shall not possess a controlled substance;

(4) the defendant shall pay the balance of the restitution owed;

(5) the defendant shall disclose all financial information requested by the probation officer;

(6) the defendant shall not open any new lines of credit or make purchases on existing lines of credit until restitution is paid in full; and

(7) the defendant shall complete the National Corrective Training Institute.

## THE DEFENDANT IS FURTHER ORDERED TO ABIDE BY THE FOLLOWING STANDARD CONDITIONS OF SUPERVISION FOR THE SOUTHERN DISTRICT OF OHIO:

(1) the defendant shall not leave the judicial district without permission of the court or probation officer;

(2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) the defendant shall support his or her dependents and meet other family responsibilities;

(5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

(7) the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

(8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

(9) the defendant shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) the defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

The defendant is remanded to the custody of the United States Marshals. The Court recommends that the defendant be transferred as soon as possible to the Hamilton County Justice Center in Cincinnati, Ohio.

6

The defendant shall pay the balance of his special assessment immediately and the balance of the restitution owed commencing within 60 days after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay.

Both parties are notified by this Court that each of you have a right to appeal this sentence, and if you are unable to pay the cost of an appeal, you have the right to apply to this Court for leave to proceed in forma pauperis. If you are indigent and cannot retain a lawyer, you may apply and one will be appointed to represent you on your appeal.

You are further advised that, in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, you must file your notice of appeal with the Clerk of the United States District Court within 10 days of the filing of judgment which will be filed on February 8, 2006. **Ten calendar days from the filing of the judgment is February 18, 2006.**

The Court does hereby advise you that if you so request, the Clerk of this Court will prepare and file forthwith a notice of appeal on your behalf. It is further ordered that the defendant shall notify the United States Attorney for the Southern District of Ohio within 30 days of any change in residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

**IT IS SO ORDERED.**

_____
Herman J. Weber, Senior
United States District Judge

2 / 8 / 06
Date

J:\DOCUMENT\AMY\BACKUP\02-67.srv.wpd

7

Certified as a true copy on

this date _____

By: _____
   Deputy Clerk

## RETURN

I have executed this Judgment as follows:

_____

_____

_____Defendant delivered on

_____ to _____

_____ at _____, with a certified

copy of this Judgment.

                                   _____
                                   United States Marshal

                                   By_____
                                   Deputy Marshal

J:\DOCUMENT\AMY\BACKUP\02-67.srv.wpd